UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANTHONY MCKNIGHT, SR., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 3:10cv1471 (MRK) |
| | : | |
| STATE OF CONNECTICUT, | : | |
| DEPARTMENT OF CORRECTIONS, | : | |
| DEPARTMENT OF ADMINISTRATIVE | : | |
| SERVICES, WORKERS' | : | |
| COMPENSATION COMMISSION, and | : | |
| OFFICE OF THE COMPTROLLER, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OF DECISION**

Reading his *pro se* complaint generously, the Court finds that Plaintiff Anthony McKnight, Sr. alleges *inter alia* that he suffered illegal discrimination and retaliation on the basis of his race, religion, and disability in violation of Title VII of the Civil Rights Act of 1964, *see* 42 U.S.C. § 2000e-1 *et seq.*, and the Americans with Disabilities Act ("ADA"), *see* 42 U.S.C. § 12101 *et seq*. Mr. McKnight brings suit against the State of Connecticut and four of its arms or agencies.

Now pending before the Court are Mr. McKnight's Motion for Injunctive Relief [doc. # 9]; Petition for a Writ of Mandamus [doc. # 10]; and Motion for Injunctive Relief [doc. # 24]. For the reasons given below, all three motions are denied.

**I.**

As an initial matter, because Mr. McKnight's complaint does not clarify for which claims he seeks what forms of relief, the Court reviews its jurisdictional limitations. Under the Eleventh

Amendment, with limited exceptions, states and their agencies enjoy immunity from suits for monetary damages—and, by extension, from this Court's jurisdiction. *See, e.g.*, *Seminole Tribe of Fl. v. Florida.*, 517 U.S. 44, 68 (1996) ("[A]lthough a case may arise under the Constitution and laws of the United States, the judicial power does not extend to it if the suit is sought to be prosecuted against a State, without her consent, by one of her own citizens." (quotation marks omitted)); *Nat'l Foods, Inc. v. Rubin*, 936 F.2d 656, 658-59 (2d Cir. 1991) ("[T]he Eleventh Amendment has been interpreted to render states absolutely immune from suit in federal court unless they have consented to be sued in that forum or unless Congress has overridden that immunity by statute."). Eleventh Amendment immunity also extends to state agencies, "unless the state has consented to suit or Congress has properly overridden the states' immunity." *Bhatia v. Conn., Dep't of Children & Families*, No. 3:06 CV 1749 (MRK), 2007 WL 1033465, at *2 (D. Conn. Apr. 3, 2007). However, sovereign immunity under the Eleventh Amendment does not bar claims for declarative or injunctive relief. *See, e.g.*, *Fulton v. Goord*, 591 F.3d 37, 45 (2d Cir. 2009).

Title VII was enacted pursuant to Congress's ability to abrogate state sovereign immunity pursuant to § 5 of the Fourteenth Amendment, and so the Eleventh Amendment does not necessarily bar all Title VII suits for monetary damages against states or their agencies. *See Fitzpatrick v. Blitzer*, 427 U.S. 445 (1976) (finding that back pay and attorney fees in Title VII actions are not precluded by the Eleventh Amendment). The Supreme Court has also provided a test under which courts may analyze whether ADA claims may be maintained directly against a state. *See United States v. Georgia*, 546 U.S. 151, 159 (2006) (describing test and noting that all claims must be evaluated on a claim-by-claim basis). For the purposes of deciding these motions, the Court assumes without deciding that the *Georgia* test is satisfied. Accordingly, Mr.

McKnight's non-Title VII and ADA claims for monetary damages are dismissed, but this Court may exercise jurisdiction over Mr. McKnight's Title VII and ADA claims and any claims for equitable relief.

## II.

In his first Motion for Injunctive Relief [doc. # 9], as the Court understands it, Mr. McKnight asks the Court to enjoin Defendants from requiring him to pay child support and to remove the lien on his workers' compensation claim. Mr. McKnight states that the government's actions are due to his race, but he provides no evidence to support this conclusory allegation. *See* Mem. in Support [doc. # 9-1]. As Mr. McKnight has failed to state a claim upon which relief can be based, his Motion for Injunctive Relief [doc. # 9] is denied. *See Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 34-35 (2d Cir. 2010) (noting that motions for preliminary injunctive relief require a showing that the plaintiff is either likely to succeed on the merits or that there are sufficiently serious questions going to the merits to make them fair grounds for litigation).

Mr. McKnight's Motion for Writ of Mandamus [doc. # 10] requests the Court to order the State of Connecticut and its agents to process his entitlement benefits to include hazardous duty retirement pursuant to Connecticut General Statutes §§ 5-142(a); 5-169(i); 5-257(a).

This motion is barred by the *Rooker-Feldman* doctrine, which states that a federal court lacks jurisdiction to review the decisions of a state court. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 483-84 n.16 (1983); *see also Exxon Mobil Corp. v. Saudi Basic Ind. Corp.*, 544 U.S. 280, 283 (2005) ("The *Rooker-Feldman* doctrine . . . is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments

rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.").

In 2001, the Superior Court of Connecticut, Judicial District of New Haven, dismissed a similar request by Mr. McKnight on the basis that he failed to exhaust his administrative remedies. *See McKnight v. Armstrong, Comm'r of Corr.*, No. CV000446166, 2001 WL 862655, at *1 (Conn. Super. Ct. Jul. 3, 2001) ("[Mr. McKnight's] claims for disability retirement under § 5-169(i) and hazardous duty retirement under § 5-173 contain no allegation that he sought these benefits through the statutorily designated administrative agencies. In sum, McKnight has not established through his petition or any other proof that he exhausted his previously available administrative remedies. To the contrary . . . it appears that there were such remedies that were available to him in 1994 that he chose not to pursue."). This Court cannot overturn a twelve-year-old state court decision in contravention of well-established principles of comity and federalism.

Mr. McKnight's second Motion for Injunctive Relief [doc. # 24] asks the Court to find that the Revised 2011 Agreement between the State of Connecticut and State Employees Bargaining Agent Coalition ("SEBAC") violates the Constitution and Connecticut state law. As Mr. McKnight's state employment ended well over a decade ago and as he did not vest any retirement interests, the Court finds that he does not have standing to challenge the Agreement. Mr. McKnight has "not alleged an injury that would likely be redressed by a judgment in [his] favor." *OneSimpleLoan v. U.S. Sec'y of Educ.*, 496 F.3d 197, 201 (2d Cir. 2007) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). Accordingly, the Court denies this motion.

Mr. McKnight's three pending motions [docs. # 9, 10, 24] are DENIED and all non-Title VII or ADA claims for monetary damages are DISMISSED. As this order may result in the

dismissal of a number of Mr. McKnight's claims, including those based on allegations of fraud and breach of contract, **the Court orders Mr. McKnight to file a motion to amend his complaint and a proposed amended complaint on or before April 20, 2012.** The Court recommends that Mr. McKnight clarifies what relief he seeks for his various claims. With regard to any requests for monetary damages, the Court recommends that Mr. McKnight either pare down his complaint to focus on his Title VII and ADA claims and/or move to add governmental employees in their personal capacities.

The Court refers Mr. McKnight to its Notice of October 22, 2010, Or. [doc. # 3], for additional guidance on the requirements for a complaint and reminds him that a complaint must include "a short and plain statement of the claim," Fed. R. Civ. P. 8(b), supported by "sufficient factual matter," *Ashcroft v. Iqbal*, --- U.S. ---, 129 S. Ct. 1937, 1949 (2009). **If Mr. McKnight does not file a motion to amend and proposed amended complaint on or before April 20, 2012, the Court will dismiss his case without prejudice.**

IT IS SO ORDERED.

/s/      Mark R. Kravitz
United States District Judge

Dated at New Haven, Connecticut: March 21, 2012.