UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANTHONY MCKNIGHT, SR. | : | |
|     Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 3:10-cv-1471 (JCH) |
| | : | |
| STATE OF CONNECTICUT, ET AL., | : | |
|     Defendants. | : | JANUARY 28, 2013 |

**RULING RE: MOTION TO DISMISS (DOC. NO. 36)**

**I.      INTRODUCTION**

Plaintiff Anthony McKnight, Sr. ("McKnight") brings this action[1] against the State of Connecticut ("the State"), the Office of the State Comptroller, the Department of Corrections ("DOC"), the Department of Administrative Services, and the Workers' Compensation Commission (collectively, "the state agencies") for claims related to his termination as a Connecticut state corrections officer.[2] Reading his pro se Complaint generously, the Court infers that McKnight is bringing the following claims: negligent breach of fiduciary duties established by Section 5-142(a) of the Connecticut General Statutes, deprivation of property and liberty interests in violation of the Fourteenth

---

[1] McKnight filed a Motion to Amend his Complaint (Doc. No. 30) on April 20, 2012, to which he attached a memorandum in support and the proposed Second Amended Complaint. The court stated in a June 25, 2012 Order that, "[a]lthough Mr. McKnight's [M]otion to [A]mend was pending when Defendants filed their [M]otion to [D]ismiss, Defendants addressed their [Motion] to the [A]mended [C]omplaint attached to Mr. McKnight's pending [M]otion. Accordingly, the [c]ourt grants Mr. McKnight's Motion to Amend [the] Complaint." (Doc. No. 37). Therefore, the court considers the Second Amended Complaint attached to McKnight's Motion to Amend on this Motion to Dismiss.

[2] The State argues in its Motion to Dismiss that, in his Second Amended Complaint, McKnight "sues only the State of Connecticut." Def.'s Mem. in Supp. Mot. to Dismiss at 1. McKnight's First Amended Complaint alleged claims against the State and the state agencies. See (Doc. No. 8). In his Second Amended Complaint, although most of his allegations refer to "[t]he Defendant State of Connecticut," see e.g., Am. Compl. at ¶¶ 2-3, McKnight makes reference to state agencies including the Department of Corrections, the Office of the State Comptroller, and the Workers Compensation Commission. See id. at Damages ¶¶ 2, 5. In an abundance of caution, the court will consider McKnight's apparent claims against the state agencies as well.

1

Amendment to the United States Constitution and the laws of the State of Connecticut, and a violation of civil and statutory rights, including violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII") and the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("the ADA").[3]

## II. STANDARD OF REVIEW

In considering a motion to dismiss pursuant to Rule 12(b)(6), the court must determine whether the plaintiff has stated a legally cognizable claim by making allegations that, if true, would show he is entitled to relief.  See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557 (2007) (interpreting Rule 12(b)(6), in accordance with Rule 8(a)(2), to require allegations with "enough heft to 'sho[w] that the pleader is entitled to relief'").  The court takes the factual allegations of the complaint to be true, Hemi Group, LLC v. City of New York, 130 S.Ct. 983, 986–87 (2010), and from those allegations, draws all reasonable inferences in the plaintiff's favor, Fulton v. Goord, 591 F.3d 37, 43 (2d Cir. 2009).

To survive a motion pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

---

[3] The State argues that the court should only consider the Amended Complaint attached to McKnight's Motion to Amend rather than also considering the memorandum in support. See Mem. in Supp. Mot. to Dismiss at 1 n.1.  However, because McKnight is proceeding pro se, the court will construe his Complaint generously to include the assertions made in his Motion to Amend and memorandum in support.  See Gerardi v. Travelers Ins. Co., 961 F.Supp. 28, 29 (D. Conn. 1996) ("Federal Courts are obliged to construe liberally the pleadings and papers of pro se litigants.").  Therefore, although McKnight does not state that he is bringing a claim pursuant to Title VII or the ADA in the Amended Complaint, the court concludes that McKnight seeks to plead those claims by reading his Motion to Amend into the Complaint.  See Pl. Mot. to Amend at 1 (stating that his basis for jurisdiction is pursuant to Title VII, the ADA, and Sections 1981, 1983, and 1985 of Title 42 of the United States Code).

misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (2009) (quoting Twombly, 550 U.S. at 556).

### III.   FACTUAL BACKGROUND

McKnight is an African-American male who served as a corrections officer in a hazardous duty capacity. See Am. Compl. at Background ¶¶ 1-2. On April 26, 1993, McKnight "suffered career ending disabilities . . . due to an altercation with dangerous inmates" while working for the State. Id. at Background ¶ 2. Unlike similarly situated injured Caucasian corrections officers, McKnight was terminated by the State while he was absent from work due to his injuries. Id. at Background ¶ 3.

### IV.   DISCUSSION

#### A. Negligent Breach of Fiduciary Duties

McKnight alleges in his Amended Complaint that "the Defendant, State of Connecticut public officials, were negligent in their fiduciary duties created through plaintiffs entitlements to 5-142(a) benefits." Am. Compl. at ¶ 1. As the State argues in its Motion to Dismiss, this claim is barred under the Eleventh Amendment. See Def.'s Mem. in Supp. Mot. to Dismiss at 6. "The Eleventh Amendment to the United States Constitution bars a suit in federal court against a state or one of its agencies for either legal or equitable relief unless the state explicitly consents to suit or Congress explicitly abrogated state immunity." Garris v. Dept. of Corrections, 170 F.Supp.2d 182, 186 (D. Conn. 2001) (citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 99-100 (1984)) (emphasis added); see also In re Deposit Ins. Agency, 482 F.3d 612, 617 (2d Cir.2007) ("This jurisdictional bar also immunizes a state entity that is an 'arm of the

state,' including, in appropriate circumstances, a state official acting in his or her official capacity") (citing Northern Ins. Co. v. Chatham County, 547 U.S. 189 (2006); Edelman v. Jordan, 415 U.S. 651, 663 (1974)).  There is no evidence that the State of Connecticut or its agencies have waived immunity.  Therefore, McKnight's negligent breach of fiduciary duties claim against the State defendants is dismissed.

Further, to the extent that McKnight is alleging that he is entitled to benefits pursuant to section 5-142(a) of the Connecticut General Statutes, this claim was already considered by the court in its March 21, 2012 Ruling.  See Ruling (Doc. No. 27) at 3.  As the court stated, this claim is barred by the Rooker-Feldman doctrine, which bars federal district courts from reviewing and rejecting prior state court judgments.  Id.  "In 2001, the Superior Court of Connecticut, Judicial District of New Haven, dismissed a similar request [for the State to process his entitlement benefits] by Mr. McKnight on the basis that he failed to exhaust his administrative remedies."  Id. at 4; see also McKnight v. Armstrong Comm'r of Corr., 2001 WL 862655, at *1 (Conn. Super. Ct. Jul. 3, 2001).  As the court stated in its March Ruling, "[t[his court cannot overturn a twelve-year-old state court decision in contravention of well-established principles of comity and federalism."  Ruling at 4.

    B. Claim for relief pursuant to Section 1983

"In order to state a claim for relief under section 1983 of the Civil Rights Act, the plaintiff must satisfy a two-part test.  First, he must allege facts demonstrating that the defendants are persons acting under color of state law.  Second, he must allege facts demonstrating that he has been deprived of a constitutionally or federally protected right."  Francis v. State's Attorney Office, 2006 WL 2349638, at * 2 (D. Conn. July 27,

2006).  McKnight alleges that the State violated his right to property and other liberties and rights guaranteed by the United States Constitution.  See Am. Compl. at ¶ 2; see also Mem. in Supp. Mot. to Am. at 2 (setting forth the requirements for a Section 1983 claim).  However, because McKnight brings his section 1983 claim against the State and four state agencies, this claim fails as a matter of law.  "Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties."  Will v. Michigan Dept. of State Police, 491 U.S. 58, 66 (1989).  Because "it is well settled that a state [and state agencies are] . . . not a 'person' within the meaning of Section 1983," McKnight's Section 1983 claim is dismissed.  Francis, 2006 WL 2349638, at * 2.

    C.  Claim for relief pursuant to Section 1981

Section 1981 states that, "[a]ll persons within the jurisdiction of the United States shall have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens . . . " 42 U.S.C. § 1981(a).  "This section thus outlaws discrimination with respect to the enjoyment of benefits, privileges, terms, and conditions of a contractual relationship, such as employment."  Patterson v. County of Oneida, N.Y., 375 F.3d 206, 224 (2d Cir. 2004).  However, "the exclusive federal damages remedy for the violation of the rights guaranteed by [s]ection 1981 when the claim is pressed against a state actor" is a section 1983 action.  Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 702 (1989).  Therefore, for the reasons discussed above, see supra, p. 4, McKnight's section 1981 claim is dismissed.

### D. Claim for relief pursuant to Section 1985

Section 1985(3) provides an action for recovery, "[i]f two or more persons in any State or Territory conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . ." 42 U.S.C. § 1985(3). Just as with McKnight's section 1983 claim, his claim for conspiracy must be dismissed because the Amended Complaint only names the State and state agencies as defendants, and not any individuals from those agencies. "It is well settled that a state and its agencies are not 'persons' under Sections 1983 and 1985." Santiago v. New York State Dept. of Corr. Servs., 725 F.Supp. 780, 783 (S.D.N.Y. 1989) (reversed on other grounds) (stating that a state agency like the Department of Correctional Services "cannot be used to satisfy the Section 1985(3) predicate of 'two or more persons'"); see also Chadha v. Conn. Med. Examining Bd., 1999 WL 1067805, at *3 (D. Conn. Oct. 29, 1999).

### E. Title VII and the ADA

McKnight's Title VII and ADA claims must also be dismissed because he has failed to allege that he exhausted his administrative remedies. "Before an individual may file a complaint in federal court bringing claims pursuant to Title VII or the ADA, he must exhaust his administrative remedies by timely filing a complaint with the EEOC." Ceslik v. Miller Ford, Inc., 584 F.Supp.2d 433, 441 (D. Conn. 2008). As the State defendants argue, nowhere in his Amended Complaint does McKnight allege that he filed a complaint with the EEOC. See Defs.' Mem. in Supp. Mot. to Dismiss at 7. Therefore, McKnight's Title VII and ADA claims are dismissed.

F.  Remaining Claims

McKnight also appears to raise a claim that the 2011 Agreement between the State of Connecticut and the State Employees Bargaining Agent Coalition violated his "rights as it fosters and promotes discrimination through fraud and artificial reducations of African American corrections officers Disability Compensation Entitlements." Am. Compl. at ¶ Background (4).  To the extent that McKnight alleges such a claim, it is dismissed pursuant to the court's earlier Ruling that McKnight does not have standing to challenge the Agreement.  See Ruling at 4.  Further, to the extent McKnight raises claims that the State or state agencies violated his rights under the Connecticut Constitution, those claims are also dismissed.  "Under 28 U.S.C. § 1367(c)(3), district courts 'may decline to exercise supplemental jurisdiction over a claim ... if the district court has dismissed all claims over which it has original jurisdiction .'" Easterling v. Conn., 356 F.Supp.2d 103, 109 (D. Conn. 2005).  As all of McKnight's federal claims have been dismissed, "considerations of judicial economy, convenience, fairness, and comity do not weigh in favor of exercising supplemental jurisdiction." Id.

**V.   CONCLUSION**

For the foregoing reasons, the State's Motion to Dismiss (Doc. No. 36) is **GRANTED**.  The plaintiff's September 10, 2012 Motion for Injunctive Relief (Doc. No. 44) is **TERMINATED** given the plaintiff has stated no claims.  The court does not grant McKnight leave to replead.  He has already amended his Complaint two times, once after this court's Ruling regarding McKnight's Motions for Injunctive Relief (Doc. Nos. 9, 24) and Petition for a Writ of Mandamus (Doc. No. 10), in which the court suggested the

7

ways in which McKnight needed to amend his Complaint in order to state a claim.  The Clerk is directed to close the case.

**SO ORDERED.**

Dated at New Haven, Connecticut this 28th day of January, 2013.

    /s/ Janet C. Hall
Janet C. Hall
United States District Judge